UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUFUS WILLIAMS, #169702,

        Petitioner,

                              CASE NO. 2:15-CV-11435
v.                             HONORABLE ARTHUR J. TARNOW

BONITA HOFFNER,

        Respondent.
_____/

**OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR APPOINTMENT OF COUNSEL & EVIDENTIARY HEARING, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

       This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Rufus Williams was convicted of two counts of first-degree murder, one count of assault with intent to commit murder, and three counts of possession of firearm during the commission of a felony ("felony firearm") following a bench trial in the Wayne County Circuit Court. He was sentenced to life imprisonment without parole on the murder convictions, a concurrent term of life imprisonment on the assault conviction, and concurrent terms of two years imprisonment on the felony firearm convictions, to be served consecutively to the other sentences, in 1982. In his habeas petition, he raises claims concerning his consent to an insanity plea/defense, the sufficiency of the evidence, the bind-over decision, an ex parte

communication between the trial court and defense counsel relative to his jury trial waiver, the in-court identification procedures, the effectiveness of trial and appellate counsel, judicial coercion for his jury trial waiver, and an alleged conflict of interest between defense counsel and a private physician who testified at trial.

On May 29, 2015, the Court ordered Petitioner to show cause why his habeas petition should not be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. On July 13, 2015, Petitioner filed a response to the Court's order, as well as a motion for the appointment of counsel and evidentiary hearing. Having further reviewed the matter, the Court concludes that the habeas petition is untimely and must be dismissed and that neither the appointment of counsel nor an evidentiary hearing is warranted. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## II.   Procedural History

Petitioner's state court direct appeals concluded in 1984. He then unsuccessfully sought a new trial and evidentiary hearing in the state courts. Those proceedings concluded in 1989. In late 2010 or early 2011, Petitioner filed a motion for relief from judgment with the state trial court, which was initially denied as a successive motion, but ultimately heard and denied by the state trial and appellate courts. Those proceedings concluded in December, 2014.

Petitioner dated his federal habeas petition on April 13, 2015.

### III.    Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's convictions became final in 1984 – before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final before the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003). Accordingly, Petitioner was required to file his federal habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

The documents attached to the habeas petition indicate that Petitioner filed his post-AEDPA state court motion for relief from judgment in late 2010 or early 2011. Thus, the record indicates that the one-year period expired well before Petitioner sought post-conviction relief in the state courts. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no

period remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner dated his habeas petition on April 13, 2015 – long after the expiration of the one-year period. His petition is therefore untimely and subject to dismissal.

In his response to the Court's show cause order, Petitioner does not assert that his habeas claims are based upon newly-enacted, retroactively applicable law. Rather, he seems to assert that the State created an impediment to the filing of his petition. First, he cites difficulties in obtaining transcripts and other trial materials from the parties and the trial court from 1992 to 1997, after an attorney took his files in 1992 and then died. Such circumstances do not establish that the State created an impediment to the filing of his habeas petition in a timely manner. A prisoner has no constitutional right to transcripts on collateral review of a conviction, *see United States v. MacCollom*, 426 U.S. 317, 323-24 (1976), and the lack of a transcript itself is not a circumstance which justifies tolling of a limitations period. *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002). Petitioner also fails to show that the inability to obtain transcripts or other materials prevented him from timely seeking habeas review. *See Young v. Curtis*, 102 F. App'x 444, 447 (6th Cir. 2004). For example, he could have filed a state

post-conviction motion (or federal habeas petition) within the one-year period and then sought production of the transcripts or other materials relevant to his claims. Moreover, Petitioner admits that he obtained transcripts in 1997, but did not file his state court motion for relief from judgment until late 2010 or early 2011. He fails to establish that any State-created impediment prevented him from taking such action sooner.

Second, Petitioner asserts that post-trial correspondence between the trial judge and the testifying physician regarding the physician's fee dispute with trial counsel (two letters from 1983) was suppressed and constitutes a *Brady* violation. Section 2244(d)(1)(B) does not apply under such circumstances. The cases applying § 2244(d)(1)(B) "have dealt almost entirely with the conduct of prison officials who interfere with inmates' ability to prepare and to file habeas petitions by denying access to legal materials." *Shannon v. Newland*, 410 F.3d 1083, 1087–88 (9th Cir. 2005). Moreover, the claimed impediment must have actually prevented the petitioner from filing a timely habeas petition of a known claim. *See Wood v. Spencer*, 487 F.3d 1, 7-8 (1st Cir. 2007) (finding that *Brady* violation could not fairly be said to have prevented petitioner from filing timely petition). Petitioner alleges no facts to show that State or prison officials intentionally denied him access to legal materials or otherwise interfered with his ability to file his habeas petition in a timely fashion.

Petitioner's alleged *Brady* violation does not constitute a state-created impediment within the meaning of the statute. Section 2244(d)(1)(B) defines when the one-year statute

will begin to run when the filing of a habeas petition itself has been hindered by some unconstitutional State action – for example, confiscating legal papers or refusing to mail legal pleadings. Section 2244(d)(1)(D) refers to the factual basis for the claim – in this case, when Petitioner learned of the alleged *Brady* violation and the basis for his related conflict of interest claim. The term impediment refers to the ability to pursue a known claim and is distinct from discovering the factual predicate that is the basis for a claim.[1] Moreover, Petitioner obtained the correspondence which constitutes his "new evidence" from records housed by his own family. Thus, it cannot be said that the State impeded Petitioner's efforts to obtain such information or prevented him from timely seeking habeas review. Petitioner fails to establish that the State created an impediment to the filing of his habeas petition.

Petitioner also asserts that his conflict of interest claim is based upon newly-discovered evidence – the post-trial correspondence between the trial court and the testifying physician regarding the physician's payment dispute with trial counsel – which he says he discovered in 2010. As an initial matter, the Court notes that Petitioner's other habeas claims concerning his consent to an insanity plea/defense, the sufficiency of the evidence, the bind-over decision, an ex parte communication between the trial court and defense counsel relative to his jury trial waiver, the in-court identification procedures, the effectiveness of

---

[1] To be sure, a prosecutor's duty to disclose exculpatory evidence to a defendant under *Brady* does not continue after the defendant is convicted and the case is closed. *See District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68 (2009).

trial and appellate counsel, and judicial coercion for his jury trial waiver are not based upon the correspondence between the trial court and the testifying physician. Those claims were thus available to Petitioner at the time of his trial, direct appeal, and/or well before the expiration of the one-year limitations period. Thus, the one-year statute of limitations grace period as to those claims expired in 1997 well before Petitioner filed the instant petition. *See Ege v. Yukins*, 485 F.3d 364, 373-74 (6th Cir. 2007) (Section 2244(d)(1)(D) delayed start of due process claim based upon new evidence, but did not delay start of the limitations period for ineffective assistance of counsel claim which was not based upon new factual predicate); *DiCenzi v. Rose*, 452 F.3d 465, 469-70 (6th Cir. 2006) (holding that limitations period on delayed appeal claim began on different date than sentencing claims); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416, n. 6 (2005) (noting that § 2244(d)(1)(A) provides for calculating the limitations period for the "application" as a whole and §§ 2244(d)(1)(B), (C), (D), require claim-by-claim review). His claims concerning his consent to an insanity plea/defense, the sufficiency of the evidence, the bind-over decision, an ex parte communication between the trial court and defense counsel relative to his jury trial waiver, the in-court identification procedures, the effectiveness of trial and appellate counsel, and judicial coercion for his jury trial waiver are thus untimely.

With regard to newly-discovered evidence under 28 U.S.C. § 2244(d)(1)(D), the limitations period begins when the factual predicate for the claim could have been discovered

through the exercise of due diligence, not when it was actually discovered by the petitioner. *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001); *Brooks v. McKee*, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (citing cases). The period begins when the petitioner knows or could have discovered the important facts for the claim, not when the petitioner recognizes the legal significance of those facts. *Brooks*, 307 F. Supp. 2d at 905-06. The start of the limitations period "does not await the collection of evidence which supports the facts." *Id*. at 906. A habeas petitioner bears the burden of showing that he exercised due diligence in discovering the factual predicate for his claims. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006).

In this case, Petitioner fails to establish that he could not have discovered the allegedly withheld correspondence, through the exercise of due diligence, within the one-year limitations grace period. Petitioner states that he first obtained the letters in 2010 – but he fails to sufficiently explain why it took him 26 years after his convictions became final to obtain them. This is particularly true given that he obtained the letters from records housed by his own family. With the exercise of reasonable diligence, Petitioner could have obtained the letters sooner and discovered the factual basis for his conflict of interest claim. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*,

560 U.S. 631, 645 (2010). The Supreme Court has further explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing. He fails to sufficiently explain why it took him more than 18 years after the expiration of the one-year statute of limitations grace period to seek habeas relief on his claims (particularly those not based on the alleged "newly-discovered" evidence) and/or why it took him so many years to obtain materials, which were ultimately found in his own family's house, in order to file his motion for relief from judgment in late 2010 or early 2011 and then subsequently seek federal habeas relief.

Petitioner asserts that he gave his transcripts and other materials to an attorney in 1992 and then the attorney died, resulting in the loss of his transcripts (until 1997) and other materials (until 2010) as an extraordinary circumstance which justifies equitable tolling.

However, there is generally no constitutional right to counsel in post-conviction proceedings. *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001); *Cummings v. Yukins*, 197 F. Supp. 2d 785, 787 (E.D. Mich. 2002). The attorney's death, while unfortunate, did not impair Petitioner's own ability to pursue collateral review in state court or habeas review in federal court within the one-year grace period. *See, e.g., Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) (state court's alleged failure to give petitioner notice of appeal rights at sentencing, to timely appoint counsel to perfect a late appeal, and to provide transcripts for a period of time did not justify tolling because petitioner failed to explain why those actions prevented him from timely filing his habeas petition).

The unavailability of transcripts and other documents, or the delay in obtaining them, is not a circumstance which justifies equitable tolling of a limitations period. *See Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011) (citing cases); *Grayson*, 185 F. Supp. 2d at 751-52; *see also Diaz v. Milyard*, 314 F. App'x 146, 148 (10th Cir. 2009) (petitioner not entitled to equitable tolling based on lack of court records and transcripts where he did not request records until four years after limitations period began to run). Petitioner's requests for transcripts or other legal materials also do not toll the one-year period. *Lloyd v. Vannatta*, 296 F.3d 630 (7th Cir. 2002); *Johnson v. Randle*, 28 F. App'x 341, 343 (6th Cir. 2001); *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001) (noting that a petitioner has the option of filing a timely petition and then seeking discovery and

amending the petition). Furthermore, Petitioner obtained his transcripts in 1997, yet still waited until late 2010 or early 2011 to seek collateral review in the state courts.

Petitioner asserts that legal materials relevant to his case were lost between 1992 and 2010 following the death of his attorney. While the record indicates that Petitioner made some attempts to obtain materials relevant to his criminal proceedings between 1994 and 2000 (and obtained his transcripts in 1997), the record is devoid of any efforts to seek additional materials or pursue state collateral review or federal habeas review between 1997 and 2010. Moreover, Petitioner admits that the materials that he obtained in 2010 were found in a house owned by his own family. Petitioner fails to offer sufficient explanation for why those items could not have been discovered sooner with the exercise of reasonable diligence. He fails to demonstrate that extraordinary circumstances prevented him from seeking federal habeas review in a timely manner.

Moreover, the fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify

tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing. He presents no new reliable evidence of his actual innocence of the crimes of which he was convicted. The post-trial correspondence between the trial judge and the testifying physician concerning the physician's dispute with defense counsel about fee payment does not establish his factual innocence. Petitioner's arguments that his habeas claims have merit and that he is innocent of his sentence do not establish his actual innocence. *See, e.g., Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007). Petitioner's self-serving, conclusory assertions of innocence are also insufficient to support his actual innocence claim. "A reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Petitioner thus fails to establish that he is entitled to equitable tolling of the one-year period. His habeas petition is untimely and must be dismissed.

**IV. Conclusion**

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus. Given this determination, the Court also **DENIES** Petitioner's motion for appointment of counsel and evidentiary hearing.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court denies relief on procedural grounds, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* In this case, jurists of reason could not find the Court's procedural ruling that the habeas petition is untimely debatable. Accordingly, the Court **DENIES** a COA.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith. Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: November 23, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 23, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant